UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG LANCE DURFEE,

        Plaintiffs,

v.                                                          Case Number 02-10041
                                                          Honorable David M. Lawson

RUSSELL J. RICH,

        Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING DEFENDANT'S SECOND MOTION
FOR SUMMARY JUDGMENT, AND CONTINUING ORDER
OF REFERENCE FOR PRETRIAL PROCEEDINGS**

      This matter is before the Court on the defendant's objections to the magistrate judge's report recommending that the defendant's second motion for summary judgment be denied. The plaintiff filed his complaint against seven police officers on February 15, 2002. The defendant searched the plaintiff's home pursuant to a warrant that was obtained on the strength of an affidavit containing false information. An informant told the police that stolen goods were located in a white shed on (or near) the plaintiff's property, but the affidavit for the warrant said the informant told the police that the goods were in the plaintiff's home. The plaintiff believes the false information was included in the affidavit purposely to give the officers the opportunity to search his house for drugs, none of which were found. The complaint contained two counts: violation of constitutional rights via 42 U.S.C. § 1983 (count I); and gross negligence, false arrest and false imprisonment (count II).

      On January 6, 2006, the Court dismissed count two with prejudice and granted summary judgment on count one for all defendants but Russell Rich. The Court held that factual disputes exist on whether Rich included deliberate falsehoods in the affidavit for the search warrant and whether there was probable cause to search the defendant's home without the false statement,

precluding summary judgment. The Court stated the plaintiff could proceed on his section 1983 claim against defendant Rich and referred the case back to the magistrate judge for further pretrial management.

The magistrate judge permitted the defendant to file a second motion for summary judgment. On November 15, 2006, the magistrate judge issued a report recommending that the second motion be denied. The defendant filed objections on November 30, 2006. After conducting a *de novo* review, the Court finds that the defendant's second motion reargues the issues decided in the Court's previous order denying this defendant's motion for summary judgment. The only new evidence submitted by the defendant does not eliminate the factual disputes that the Court previously held precluded summary judgment. Therefore, the Court will overrule the objections, deny the second motion for summary judgment, and return the matter to the magistrate judge to ready the case for trial.

I.

The facts of the case were thoroughly discussed in this Court's previous opinion and Magistrate Judge Binder's report and recommendation submitted on the first summary judgment motion, and they need not be repeated here. It is sufficient to note only that the case involves an investigation of the plaintiff's teenage son who apparently was involved in burglaries in the area. The defendant, a Michigan state police officer, obtained information that the fruits of one or more of the burglaries might be located in an outbuilding on property that adjoined the land on which the plaintiff's home was located. The defendant, however, apparently with the assistance of a state prosecutor, drafted a search warrant affidavit that represented that the stolen items were located in the house, which also was searched when the search warrant was executed. The plaintiff alleges that

this misrepresentation was deliberate and resulted in the defendant violating his right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment.

II.

After the case was returned to the magistrate judge following the adjudication of the first motion for summary judgment, the defendant filed a second motion for summary judgment on June 26, 2006 pursuant to an order by the magistrate judge permitting him to do so. The motion repeats the arguments made in the first motion for summary judgment but includes some additional evidence in support of those arguments. The defendant argues that there is no evidence that he made a deliberate falsehood and that he is entitled to qualified immunity because a reasonable officer in his position would have believed his conduct was lawful.

The new evidence submitted by the defendant with his second motion for summary judgment includes (1) deposition testimony from the plaintiff and Linda Durfee that drug-sniffing dogs were not used during the search; (2) written statements made by Justin Durfee the day of the search indicating he lived in the plaintiff's home and that the stolen property was "at my house"; (3) deposition testimony from Linda Durfee that she believes the white shed is on the same property as the plaintiff's home; (4) an affidavit from the defendant stating that he did not recall what he told the prosecuting attorney, Thomas Weichel, who assisted him in preparing the affidavit, about Clemens' statement regarding the location of the stolen goods; and (5) an affidavit from prosecuting attorney Thomas Weichel, who drafted the search warrant affidavit, stating that he would have drafted the affidavit the same way regardless of what the defendant told him about the location of the stolen property.

The defendant claims Justin Durfee had "unfettered access" to the main house. In support of this, the defendant submitted written statements in which Justin indicates the stolen property "was at my house" and a form the plaintiff filled out after his arrest acknowledging his rights on which he wrote, "I live at 306 Alger St." Def.'s Second Mot. Summ. J. Ex. 4, Durfee Statement. He cites pages of Justin's deposition that are not attached to his motion and cannot be found elsewhere in the record. He also cites Ms. Durfee's testimony that Justin had a key to the house and was being claimed as a dependent by the plaintiff:

> Q. Okay. So to answer my question, at the time Justin was still living at home, some of the time anyway?
> A. Off and on. But I had basically – I had kicked him out. I had threw all their stuff out, because he'd stay out all night, sleep all day. . . But his stuff was still there, and I mean, Craig was claiming him. He was supposed to – on the income tax.
> Q. Okay. And did he have a key to the house?
> A. Justin?
> Q. Yes.
> A. Yeah. He had a key, but I didn't –
> Q. So he could come and go?
> A. Yeah.
> Q. Okay. And the –
> A. At least he always did. Now, I doubt that his dad took it from him.

Def.'s Second Mot. Summ. J. Ex. 2, L. Durfee Dep. at 35.

Regarding the location of the shed, Ms. Durfee testified:

> He [the plaintiff] was looking at the Plat Book one day, and he got looking at it – I thought it was all one big piece of property. You know, we bought it all; nine acres. Well, then it was like it was sectioned off. He says that that white shed was on a different piece of property.

Def.'s Second Mot. Summ. J. Ex. 2, L. Durfee Dep. at 36. In response, the plaintiff submitted a signed and notarized document in which he states as follows:

1. The white shed sits on a separate piece of property from the house.
2. It has a separate property description.
3. A legal property line separates if [sic] from the house.

    4. A legal street separates it from the house.
    5. A fence separates it from the house.
    6. It has a separate address from the house.
    7. It has a separate electric bill from the house.
    8. Other buildings separate it from the house.
    9. It can't be seen from the house.
    10. It is over two hundred feet from the house.

Pl.'s Resp. to Def.'s Second Mot. Summ. J. Ex. 28, Durfee Statement.

The affidavit of prosecuting attorney Thomas Weichel reads as follows:

1. In the afternoon of February 18, 1999, Michigan State Police Trooper Russell Rich came to my office requesting a search warrant in connection with a series of burglaries that he was investigating at hunting camps and out buildings along the Hubbard Lakes Trail in Alcona County. Trooper Rich advised me that Lyle Clemens had confessed to breaking into the camps and had also implicated Justin Durfee and John Deller in the burglaries.
2. I cannot recall whether Trooper Rich advised me that Clemens told him that the stolen property had last been seen in a white shed on the Durfee property or if Trooper Rich used some other more general description of where Clemens had last seen the property.
3. After talking with Trooper Rich, I believed there was probable cause to obtain a search warrant. In accordance with office policy at that time, I would have asked Trooper Rich to dictate a summary of his investigation outlining probable cause to my secretary. She would type up the Affidavit and Search Warrant and provide it to me for final review with Trooper Rich.
4. Whether Trooper Rich advised me that Clemens told him that the stolen property had last been seen in a white shed on the Durfee property or used some other more general description, I would have drafted the search warrant in the same manner. Regardless of whether Trooper Rich said the property was last seen in the white shed, on the Durfee property, or at the Durfee residence, I would have drafted the search warrant to include the entire Durfee property and all buildings on the property.
5. It remains my opinion today that there was probable cause to search the entirety of the Durfee property upon which the residence was located based on the information provided by Lyle Clemens.
6. It is also my belief that the terms used in the affidavit in support of the search warrant, specifically, "at the residence[,]" meant the stolen property was located somewhere on the property in which the residence was located and not specifically within the residence.
7. At no time, before or after the search, has Trooper Rich ever stated, suggested, or otherwise intimated to me that he was looking for anything other than the stolen property listed in the warrant.

Def.'s Second Mot. Summ. J. Ex. 5, T. Weichel Aff.

The magistrate judge recommended that the defendant's second motion for summary judgment be denied. He stated the presence of drug-sniffing dogs was only one factor in the Court's previous decision denying summary judgment. Regarding Justin's access to the property, the magistrate judge concluded that "access" alone is not relevant under *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998) (finding no probable cause in affidavit that stated location was "available" to the defendant but "completely neglects to indicate why the affiant believed that [the defendant] had any connection with the" location to be searched). Alternatively, the magistrate judge suggested this evidence created a fact dispute on the issue.

The magistrate then stated that he agrees with this Court that probable cause to search the shed does not necessarily mean there is probable cause to search the house, regardless of whether the shed is in the curtilage or not. The magistrate judge finally concludes that the defendant is not entitled to qualified immunity because he has not submitted any new evidence on whether the right at issue was clearly established. The magistrate judge's report does not mention the affidavit from prosecuting attorney Weichel, but that item sheds little light on the matter.

### III.

The Court's review of a magistrate judge's recommendation on a dispositive motion is *de novo*. 28 U.S.C. § 636(b)(1). In this case, the defendant's new motion and objections seek to relitigate many of the issues already resolved by the Court's January 6, 2006 opinion and order, and therefore the motion more properly is viewed as a motion for reconsideration. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the

defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Local Rules provide that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

Alternatively, the objections could be considered a motion for relief from the January 6, 2006 order. Federal Rule of Civil Procedure 60(b) consists of six enumerated clauses specifying the grounds on which relief from a judgment or order may be granted, including:

> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6)  any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. Pro. 60(b). A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).

The defendant first objects to the magistrate judge's conclusion that there is evidence in the record that the defendant lied or deliberately misled the prosecutor or judge in obtaining the search warrant. The defendant cites his affidavit and prosecuting attorney Weichel's affidavit indicating both men do not recall exactly what the defendant said about the location of the stolen property.

However, the Court previously found evidence in the record indicating the defendant "intended to mislead by omitting the evidence that Clemens saw incriminating items only in the white shed." Order Denying Mot. Summ. J., 2006 WL 44241, at *7. This included

> evidence of the omitted information, and statements attached to the response that a drug agent and dog participated in the search and that the police were investigating whether the plaintiff dealt in illegal drugs. An incident report submitted by Trooper Rich stated that Clemens confessed that the stolen property was stored in the white shed and not the residence. Pl.'s Resp. to Defs. Mot. Summ. J Ex. I, Police Report. There is also evidence that Trooper Rich controlled the search, which lasted for two hours after the two caches of stolen items were found in the shed and by the lake.

*Ibid*. The defendant has submitted evidence that dogs were not present at the search, but the remaining facts relied on by the Court continue to constitute evidence, if true, that the defendant intended to mislead the magistrate judge who issued the warrant. The fact that prosecuting attorney Weichel would have drafted the affidavit in the same fashion is not helpful to the inquiry. The import of Weichel's affidavit is that even if he was told that the informant said the stolen items were kept in an out building, he would have informed the magistrate that the fruits of the crime were in the residence. It is disturbing that an attorney would acknowledge that he would draft a court paper is such a way as to mislead a magistrate to issue a search warrant much broader in scope than the Constitution would permit, particularly if his obfuscation could result in confusing a law enforcement officer as well. But at bottom, it was the defendant who signed the affidavit, swearing that the contents were true. The affidavit contains information that a jury could conclude is false, that Lyle Clemens told the defendant he saw the stolen property "at the Durfee residence." Defs. Ellinger, McGuire, Lucas, and Brown's Mot. Summ J. Ex. 1, Aff. for Search Warrant at 1. In fact, Clemens told the defendant the property was "in Justin's white shed." Pl.'s Resp. to Def.'s Second Mot. Summ. J. Ex. 10, Clemens Statement.

The defendant next argues that the magistrate judge erred when he found that there was competent record evidence that the defendant had an ulterior motive to search the plaintiff's home for drugs. The defendant states there is evidence in the record that previously-dismissed defendants suspected the plaintiff of selling drugs. However, the defendant states there is no evidence that *he* had such a suspicion about the plaintiff. The defendant submitted an affidavit stating, "At no time, either before or after the search on February 18, 1999, was I aware of any investigation of Craig or Linda Durfee for drugs or any other crime. My sole purpose in obtaining and executing the search warrant was to recover the property stolen from the hunting camps." Def.'s Second Mot. Summ. J. Ex. 3, Rich Aff. at ¶ 6. In concluding otherwise, the magistrate judge cited the defendant's interrogatory answer in which he admitted that he himself "recall[ed] some conversation about the plaintiff's possible involvement with drugs." Pl.'s Resp. to Second Mot. SUmm. J. Ex. 23, Rich Interrogatories.

In its order denying the defendant's previous motion for summary judgment, the Court stated as follows:

> Taking the evidence in the light most favorable to the plaintiff, as the Court is obliged to do at this stage of the proceedings, there is evidence that Trooper Rich had an ulterior motive to search the plaintiff's property when making the affidavit in support of the search warrant, which circumstantially indicates the officer intended to mislead.

Order Denying Mot. Summ. J., 2006 WL 44241, at *7. The defendant's second motion and objections essentially seek to relitigate this point. The only new evidence he has submitted is his affidavit swearing that he did not know about allegations against the plaintiff regarding drug use. This affidavit directly contradicts the defendant's statement in an interrogatory answer that he did know about such allegations. In addition, as the Court noted in the previous order, the search

-9-

continued for two hours after the stolen property was found in the shed.  That fact also constitutes evidence that the defendant intended to search the main house for items other than the property stolen from the camps.  The defendant has not shown a palpable defect in this Court's previous decision on this issue.  This objection will be overruled.

The defendant's third objection is labeled as follows:

The magistrate judge erred when he applied the facts of this case in his analysis of the affidavit and warrant under the standards set forth in *Franks v. Delaware*, *Hill v. McIntyre*, and *Vakilian v. Shaw*.

Def.'s Obj. to Second R&R at 5.  However, in the text of this section, the defendant fails to explain the magistrate judge's error in the application of these cases.  Rather, the defendant repeats his claim that the magistrate judge incorrectly found evidence that he deliberately misled the judge or that he had an ulterior motive for the search.  He then claims that probable cause existed to search the house even if the correct information about Clemens' statement had been included in the affidavit.  The defendant's fourth objection also re-argues the probable cause issue.

These objections lack merit primarily because the defendant merely repeats his argument that "probable cause to search one building on a piece of property extends to all other buildings within the property's curtilage."  Def.'s Obj. to Second R&R at 7.  He again cites *United States v. Campbell*, 256 F.3d 381 (6th Cir. 2001), and *United States v. Bennett*, 905 F.2d 931 (6th Cir. 1990).  However, this Court already held that "Probable cause to search an outbuilding will not by itself justify a greater intrusion into living quarters in a separate residence, albeit on the same land."  Order Denying Mot. Summ. J., 2006 WL 44241, at *8.  The defendant has offered no reason to revisit that ruling.  Nor has the defendant shown a palpable defect in the Court's previous opinion on this matter.

The defendant's final objection is to the magistrate judge's determination that he is not entitled to qualified immunity. The magistrate judge stated that, "at this juncture, Defendant challenges only the 'clearly established' prong of the qualified immunity test." Second R&R at 13. The defendant contends that the magistrate judge misunderstood his argument, which is that he did not violate the constitution because there was probable cause to search the plaintiff's home. The defendant also argues that even if there was not probable cause, his conclusion to the contrary was reasonable.

However, as noted in this Court's previous order, "there is a factual dispute whether there was probable cause to believe stolen property was located anywhere other than the shed." Order Denying Mot. Summ. J., 2006 WL 44241, at *8. None of the new evidence submitted by the defendant shows that there is no fact dispute on this issue. As the Sixth Circuit has consistently held:

> The initial inquiry in ascertaining the validity of a qualified immunity defense is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). . . . Where the reasonableness of an officer's actions hinge on disputed issues of fact, "the jury becomes the final arbiter of . . . immunity, since the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury." *Brandenburg v. Cureton*, 882 F.2d 211, 215-16 (6th Cir. 1989).

*Leonard v. Robinson*, 477 F.3d 347, 354, 355 (6th Cir. 2007). Therefore, "'[w]here ... the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability,' and thus summary judgment should not be granted." *Griffith v. Coburn*, 473 F.3d 650, 657 (6th Cir. 2007) (quoting *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998)). *See also Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 831 n.16 (6th Cir. 2007) (holding that "[w]here improper motivation constitutes an element of the claim–as in the case of Plaintiffs' First Amendment retaliation claims–and the claimant has shown

all other elements, a question of fact remains as to the official's intent, thereby precluding summary judgment on the basis of qualified immunity"); *Haynes v. City of Circleville, Ohio*, 474 F.3d 357, 362 (6th Cir. 2007) (stating the familiar rule that "[a]pplication of the qualified-immunity doctrine is a question of law; 'to the extent that there is disagreement about the facts . . . we must review the evidence in the light most favorable to the Plaintiff, taking all inferences in his favor'").

The defendant is accused of lying in an affidavit to a judge in order to secure a search warrant, and there are facts in the record from which that inference reasonably can be drawn. It is clearly established that officers may not include false information in affidavits for search warrants. *Franks v. Delaware*, 438 U.S. 154 (1978). The defendant is not entitled to qualified immunity; this objection will be overruled.

IV.

The Court finds that the magistrate judge's determination of the issues in the defendant's motion was correct. Therefore, the Court will adopt the report and recommendation.

Accordingly, it is **ORDERED** that the report and recommendation of the magistrate judge [dkt # 70] is **ADOPTED**.

It is further **ORDERED** that the second motion for summary judgment by defendant Rich [dkt # 67] is **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Charles E. Binder under the previous reference order [dkt # 11] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c). The magistrate judge should not permit further dispositive motions absent a showing of good cause.

s/David M. Lawson

DAVID M. LAWSON  
United States District Judge

Dated:  March 30, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2007.

                                      s/Felicia M. Moses  
                                      FELICIA M. MOSES