**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

CRAIG LANCE DURFEE,

    Plaintiff,                                    CASE NO. 02-CV-10041

v.                                                DISTRICT JUDGE DAVID M. LAWSON
                                                        MAGISTRATE JUDGE CHARLES BINDER

RUSSELL J. RICH,

    Defendant.
    _____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR JOINDER**
(Dkt. 76)

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's Motion for Joinder of Persons Needed for Just Adjudication and Joinder of Claims be **DENIED.**

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on August 14, 2002, and the Order of Reference was continued on March 30, 2007. (Dkt. 11, 72.) Pending is the above-entitled motion. (Dkt. 76.) At the same time he filed this motion, Plaintiff filed a First Amended Complaint adding Thomas J. Weichel, the Alcona County Prosecuting Attorney, as a party defendant. (Dkt. 77.) Defendant Rich filed objections opposing the motion (Dkt. 78), and Plaintiff filed a reply to Defendant's response. (Dkt. 79.) Upon review, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B. Background**

This case was filed in February 2002. Since that time, a series of Reports and Recommendations and Orders have resulted in the termination of Defendants Ellinger, McGuire, Lucas, Brown, Schultz, and Admiak. (Dkt. 53, 62, 70, 72.) The sole remaining claim of the *pro se* complaint alleges that Defendant Trooper Rich violated Plaintiff's Fourth Amendment rights by submitting false statements or statements with a reckless disregard for the truth in an affidavit in support of a search warrant for Plaintiff's property. (Compl., Dkt. 1, Count I.) The substantive facts are summarized in an opinion by Judge Lawson (Dkt. 62) and the Report and Recommendation previously filed by this Magistrate Judge. (Dkt. 53.)

**C. Analysis**

Plaintiff describes his motion as one for "joinder," but I suggest that it is actually a motion for leave to file an amended complaint adding a party. When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. FED. R. CIV. P. 15(a). When a motion for leave to amend is before the Court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision to grant or deny a motion to amend pleadings is left to the sound discretion of the district court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

When determining whether to grant leave to amend, the court is to consider several factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). In addition to these factors, courts must also take into account whether the moving party is seeking to add claims or to add parties, because amendments seeking to add claims are generally granted more freely than amendments adding parties. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Defendants argue that Plaintiff's requested amendments are futile because the proposed Defendant is entitled to absolute immunity and because Plaintiff's amendment seeks to reinstate claims that were previously dismissed by this court. (Dkt. 78 at 5-6.)

Absolute prosecutorial immunity protects the acts falling within a prosecutor's role as advocate for the state. *Manetta v. Macomb County Enforcement Team*, 141 F.3d 274, 279 (6th Cir. 1998); *Ireland v. Tunis*, 113 F.3d 1435, 1445 (6th Cir. 1997). "Prosecutors are entitled to absolute immunity for 'initiating a prosecution and . . . presenting the state's case." *Lomaz v. Hennosy*, 151 F.3d 493, 498 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). This immunity extends to all decisions to prosecute except those "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification," *Wayte v. United States*, 470 U.S. 598, 608, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978)).

Applying these standards to Plaintiffs' allegations, I suggest that the proposed Defendant Weichel is absolutely immune from suit for his actions related to the search warrant and initiation of the criminal action against Plaintiff. In addition, I note that the passage of time militates against

3

allowing amendment, especially where the party to be added is one that could have easily been named initially since he is the county prosecutor. I therefore suggest that amendment of the complaint would be futile and, thus, that the motion for joinder or to file an amended complaint should be denied. *See Alsenas v. City of Brecksville*, No. 99-4063, 2000 WL 875717, *2 (6th Cir. 2000) (unpublished) ("Such an amendment was properly denied as futile, as the prosecutor is entitled to absolute immunity for such decision."); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989).

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections

a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
| Dated: August 9, 2007 | s/ *Charles E Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Mark Donnelly, and on Craig Lance Durfee by first class mail, and served on U.S. District Judge Lawson in the traditional manner.

Date: August 9, 2007     By      s/Patricia T. Morris
                                      Law Clerk to Magistrate Judge Binder

5