UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG LANCE DURFEE,

        Plaintiff,

v.                                                       Case Number 02-10041
                                                         Honorable David M. Lawson

RUSSELL J. RICH,

        Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS,
DENYING PLAINTIFF'S MOTION FOR JOINDER OF PERSONS,
STRIKING AMENDED COMPLAINT, AND CONTINUING
ORDER OF REFERENCE FOR PRETRIAL PROCEEDINGS**

This matter is before the Court on the plaintiff's objections to the magistrate judge's report recommending that the plaintiff's motion to join an additional defendant, treated as a motion to amend the complaint, be denied. The plaintiff filed his complaint against seven police officers on February 15, 2002. Defendant Rich searched the plaintiff's home pursuant to a warrant that he obtained after presenting an affidavit containing false information. An informant told the police that stolen goods were located in a white shed on (or near) the plaintiff's property, but the affidavit for the warrant said the informant told the police that the goods were in the plaintiff's home. The plaintiff believes the false information was included in the affidavit purposely to give the officers the opportunity to search his house for drugs, none of which were found. The complaint contained two counts: violation of constitutional rights via 42 U.S.C. § 1983 (count I); and gross negligence, false arrest and false imprisonment (count II).

On January 6, 2006, the Court dismissed count two with prejudice and granted summary judgment on count one for all defendants but Russell Rich. Thereafter, the Court denied defendant

Rich's second motion for summary judgment. In presenting that motion, Rich included an affidavit from the county prosecutor, Thomas J. Weichel, stating that regardless of what the officer told him the informant had said, Weichel would have drafted the search warrant to include the residence in addition to the outbuildings on the property. Based on that statement, the plaintiff filed a motion to join Weichel as a defendant and an amended complaint on May 29, 2007. The amended complaint appears to do nothing more than add references to Mr. Weichel. On August 9, 2007, the magistrate judge recommended that the motion be denied because it would be futile and the filing was untimely. The futility holding was based on the magistrate judge's belief that Weichel enjoyed absolute immunity from civil liability for his action as a county prosecutor. The plaintiff filed timely objections to the R&R.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Durfee raised five objections to Magistrate Judge Binder's report and recommendation:

1. The denial totally ignores the decision and this Court's opinion denying the second motion for summary judgment because this Court has indicated that Prosecutor Weichel does not enjoy governmental immunity.

2. The passage of time does not militate against allowing amendment because Durfee became aware of Prosecutor Weichel's beliefs in his affidavit supporting Trooper Rich's motion for summary judgment on June 26, 2006.

3. The magistrate judge "misstate[d] facts" when he implied that there was an "initiation of the criminal action against Plaintiff."

4. "That the standard in the within case, is absolute immunity, or qualified immunity or no immunity whatsoever, and who is liable, the prosecutor for the county as the decision maker or the county itself in a civil rights action." Obj. to R&R at ¶ 4.

5. If Prosecutor Weichel is found to enjoy absolute immunity, then the County of Alcona should be added as a defendant.

The Court finds that none of these objections has merit.

Although the plaintiff ostensibly seeks to join a party and cites Rule 18 of the Federal Rules of Civil Procedure, the Court agrees with the magistrate judge that the plaintiff actually seeks permission to file an amended complaint. Therefore, Rule 15 governs. Under Rule 15(a), a party may amend at this stage of the proceedings only after obtaining leave of court. Although the Rule provides that the Court should "freely" grant leave "when justice so requires," leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak & Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). The Rule

does not establish a deadline within which a party must file a motion to amend. *See Lloyd v. United Liquors Corp.*, 203 F.2d 789, 793 (6th Cir. 1953) (reviewing a district court's denial of a motion to amend after the entry of summary judgment).

Delay alone does not justify denial of a motion brought pursuant to Rule 15(a). *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). However, the party seeking to amend should "act with due diligence if it wants to take advantage of the Rule's liberality." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Thus, where "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade*, 259 F.3d at 459. Failure to plead an available claim in a timely manner deprives an opposing party of "notice that it would have to defend" against the new claim. *Ibid*. Courts are especially inclined to deny a motion brought under Rule 15 "if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (2d ed. 1990); *see Wade*, 259 F.3d at 459 (finding undue delay where the plaintiff knew the facts forming the basis of the amended claims but failed to plead the claims in the original complaint).

An amendment to a complaint prejudices a party where the amendment will require the party to prepare an additional defense strategy and expend additional resources to defend against new claims. *See Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973). The Sixth Circuit has repeatedly concluded that allowing amendment after the close of discovery prejudices the defendant:

> Because the discovery deadline had already passed and the deadline for filing dispositive motions on the issue of immunity was imminent, the defendants would

> have been prejudiced if a further amendment had been permitted by the district court. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999) ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree.") (citations omitted).

*Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006). In another case, the court of appeals concluded that the "Defendant would have been unduly prejudiced by yet another amendment to Plaintiff's complaint. First, Plaintiff sought leave to amend after all significant discovery had been completed and after the dispositive motion cut-off date." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 938 (6th Cir. 2004). The *Inge* court cited

> *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (affirming denial of leave to amend sought a year-and-a-half after filing of complaint because of "significant prejudice to the defendant"; the dispositive motion deadline had passed, the defendant had filed a motion for summary judgment on all claims alleged in the original complaint, and significant discovery already had been completed); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306-07 (6th Cir. 2000) (upholding denial of leave to amend complaint where amendment was sought more than a year after original complaint was filed, summary judgment had been granted to Defendants two months earlier, and plaintiff was attempting to add a new legal theory); and *Troxel*, 489 F.2d at 971 (holding that district court did not abuse its discretion in denying leave to amend because the plaintiff had proceeded upon one theory through the court of appeals where it lost and wanted to repeat the cycle again by alleging a new theory of recovery; finding that cost to defendant of having to defend against new theory was sufficient prejudice).

*Ibid.* The Sixth Circuit even has found that "amendment on the *eve* of the close of discovery would be prejudicial to defendants and unduly delay trial." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005) (emphasis added).

The import of the plaintiff's proposed amendment is to join prosecutor Weichel as a defendant for his actions in preparing the paperwork for the search warrant executed by defendant Rich. The plaintiff has not explained why he has waited for over five years to advance this theory or join Weichel as a defendant. Weichel is a public official, and his identity was hardly a secret.

His involvement in the process was plainly apparent to the plaintiff. The information contained in his affidavit adds little to the plaintiff's possible theories of liability. Given the age of this case, the fact that discovery has been closed for some time, and dispositive motions have been filed and adjudicated, the Court concludes that the plaintiff's request to amend properly is denied.

In addition, the proposed amendment would be futile. Weichel conduct, as set forth in the proposed amended complaint, exclusively involves his role as a state prosecutor. The magistrate judge concluded that Weichel would be protected against civil liability by prosecutorial immunity for all these activities. Despite the plaintiff's belief to the contrary, this Court has never expressed an opinion until now concerning the applicability of the absolute immunity rule to Weichel's conduct in this case. The Sixth Circuit has summarized the doctrine of absolute immunity as applied to state prosecuting officials as follows:

> [T]he Supreme Court has advanced the interest served by absolute immunity – the furtherance of our adversarial legal system – by employing a functional test: "The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, (1995). Those functions more "intimately associated with the judicial phase of the criminal process" are more likely to merit careful consideration for absolute immunity. *Id.* In contrast, those functions more "investigative" in nature – searching for "clues and corroboration" – are more removed from the judicial process and merit only qualified immunity. *Id.* at 273. The Supreme Court's decision in *Buckley v. Fitzsimmons* refused to extend absolute immunity to prosecutors accused of fabricating expert evidence when the prosecutors were acting in an investigatory fashion rather than as advocates. *Id.* at 275.
>
> Following the Supreme Court's direction, this Circuit therefore looks to the "nature of the function performed" in evaluating whether to extend absolute immunity. *See id.* at 269.

*Gregory v. City of Louisville*, 444 F.3d 725, 738 (6th Cir. 2006)

Applying this standard, it is not difficult to conclude that Weichel's activity described in the proposed amended complaint was "intimately associated with the judicial phase of the criminal

process" in the state courts. Assisting a local police official to obtain a search warrant by preparing papers to presented to a state magistrate was part of the adjudicative process that is shielded from civil liability under well-established precedent. The allegations in the proposed amended complaint allow no other interpretation. Consequently, the Court agrees with the magistrate judge's report stating that the claim against Weichel would be futile.

Finally, the plaintiff contends that if Weichel is not joined, he should be permitted to add the County of Alcona as a defendant. This relief was not included in the plaintiff's motion and therefore was not addressed by the magistrate judge. Since the plaintiff has not formally moved for that relief, the Court will not allow it. Moreover, the addition of the county as a defendant would not be timely for the reasons state above.

The Court finds that the magistrate judge's determination of the issues in the plaintiff's motion was correct. Therefore, the Court will adopt the report and recommendation.

Accordingly, it is **ORDERED** that the report and recommendation of the magistrate judge [dkt # 80] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt #81] to report and recommendation are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for joinder of persons needed for just adjudication [dkt # 76] is **DENIED**.

It is further **ORDERED** that the amended complaint filed without leave of court [dkt # 77] is **STRICKEN**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Charles E. Binder under the previous reference order [dkt # 11] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: February 4, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 4, 2008.

s/Felicia M. Moses  
FELICIA M. MOSES